UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEENA KABER, | ) | CASE NO.  1:20 CR 181 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner, Sheena Kaber's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #167). The Government filed a Response in Opposition to Petitioner's Motion. (ECF #169). Ms. Kaber has not filed a Reply.

I.

Ms. Kaber pled guilty to conspiracy to distribute fentanyl, cocaine base, and heroin, in violation of 21 U.S.C. §846; distribution of cocaine base in violation of 18 U.S.C. §2 and 21 U.S.C. §841(a)(1); and, distribution of cocaine base in violation of 21 U.S.C. §841(a)(1), pursuant to a written plea agreement. She was sentenced to serve 54 months in the Bureau of Prisons for each conviction, to run concurrently, followed by three years of supervised release.

She now seeks to vacate her sentence on the grounds of ineffective assistance of counsel.

## II.

"[A] defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). As part of her written plea agreement, Ms. Kaber waived her right to appeal most of her appellate and post-conviction rights, while preserving her right to any claims for ineffective assistance of counsel. The plea agreement did not establish any agreement relating to the determination of Ms. Kaber's Criminal History Category. Her only claim for relief is her allegation of ineffective assistance of trial counsel.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, petitioners must prove by a preponderance of the evidence that their constitutional rights were denied or infringed. *United States v. Brown*, 957 F.2d 679, 690 (6th Cir. 2020). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to

relief).

### III.

Petitioner's motion asserts that her trial counsel was ineffective during the sentencing proceedings for "abandoning and waiving my argument that the Criminal History points and Criminal History were incorrectly calculated." (ECF #167, PageID 849). The Petitioner's claim of ineffective assistance of counsel is unsubstantiated. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that her counsel's performance was deficient, and that the deficient performance prejudiced her to the extent that her conviction was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

Although Petitioner's claim is perfunctory and undeveloped, the Court will import the arguments she made on the same claim in her appellate *Anders* brief, and address the claim on its merits. Her argument would be that her trial counsel was ineffective for abandoning the argument made in the objection section of her final PSR. Her attorney originally objected to the probation officer's assessment of two criminal history points for each of two convictions under USSG §4A1.1(b) in Paragraphs 38 and 39 of the PSR. He asserted that these convictions should be merged for purposes of assigning points because she was sentenced for both on the same date, and the sentences were to run consecutively. The probation officer responded that separate points were warranted because there was an intervening arrest between the two offenses, and §4A1.1(b) does not apply when there has been an intervening arrest. Ms. Kaber's attorney did

3

not renew the objection at the sentencing hearing. "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." §4A1.2(a)(2). Ms. Kaber was arrested for the cocaine-possession offense on September 4, 2019, released on bond, and then committed the possession of cocaine and drugs offense for which she was arrested on November 8, 2019. Both offenses were sentenced on December 12, 2019. Therefore, the offenses were indeed separated by an intervening arrest, and were properly scored in the PSR.

The Court of Appeals correctly addressed and dismissed this argument on direct appeal. (ECF #170, 171). "Because the underlying sentencing argument lacks merit, counsel was not ineffective for failing to renew the objection to the scoring of paragraphs 38 and 39 in Kaber's presentence report at sentencing." (ECF #170, Page ID 900)(citing *Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitle to presume he stands fairly and finally convicted." *Id.* at 164.

The scoring in the PSR was correct, therefore, Ms. Kaber's counsel failure to renew the objection was neither deficient, nor did it prejudice Ms. Kaber in any way. Attorneys have no duty to pursue frivolous arguments. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011). As Ms. Kaber failed to meet her burden of proving a violation of her constitutional rights by a preponderance of the evidence, her claim is DENIED.

4

**IV.**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

5

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #167) is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 8, 2023